

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO:

Joe Nathan Pyatt Jr,

Plaintiff,

v.

Mayor Carlos A. Gimenez, Alexander D. Casas,

Alfredo Torres, Allen Lowe

Defendant(s).

_____/

## COMPLAINT

COMES NOW, the Plaintiff, JOE NATHAN PYATT JR ("Plaintiff"), proceeding Pro Se, files this Complaint against Defendant(s), Mayor Carlos A. Gimenez, Alexander D. Casas, Alfredo Torres, and Allen Lowe. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages in excess of $100,000.00, as a result of Defendant's False Arrest against Plaintiff in violation of the Fourteenth Amendment of the Constitution.

2. The jurisdiction of the Court over this controversy is based upon 28 U.S.C § 1343(3) (1948), 28 U.S.C.A. § 1331 (1948) and 42 U.S. Code § 1983.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff is an alumnus of Florida International University.

5. Defendant, Mayor Carlos A. Gimenez, Alexander D. Casas, Alfredo Torres, and Allen Lowe having their main place of business in Miami-Dade County, Florida, where Plaintiff was arrested.

6. Plaintiff alleges causes of action for False Arrest in violation the Fourteenth Amendment of The Constitution.

1

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and false arrest took place in Miami-Dade County.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff was given a trespass warning in December, 2018 after being found sleeping during open business hours in the FIU green library Sunday morning.
9. Plaintiff was told by FIUPD officers to return to the FIUPD front lobby in January to lift trespass warning.
10. Plaintiff retuned to FIUPD in January 3RD, 2019 and was arrested without probable cause by Police Officer Allen Lowe for resisting arrest without violence.
11. Plaintiff returned to FIUPD the week after prior arrest and was met by a group of officers whom advised Plaintiff to set up a call with the Chief of Police and left thereafter without incident.
12. Plaintiff Spoke with FIUPD Chief of Police, Alexander D. Casas extensively and was advised that if Plaintiff got accepted into the FIU graduate program that he would lift the trespass. Alexander D. Casas directed Plaintiff to follow the same procedure as advised in the trespass warning for policy on how to enter the campus.
13. Plaintiff followed policy by obtaining an escort to be able to enter campus in February, 2019 for the purposes of meeting with FIU business graduate advisor. Plaintiff left without incident.
14. FIU Police Sergeant, Alfredo Torres, told Plaintiff not to come back.
15. Plaintiff returned to FIUPD in March, 2019 to retrieve property kept from previous arrest and to attend Public Speaking Seminar.
16. Plaintiff was met by agitated FIUPD Sergeant, Alfredo Torres, and was told "Didn't I tell you not to come back?".
17. Alfredo Torres wrongly accused Plaintiff by stating "Aren't you suspended? You're not allowed to be on campus. You were involved in a stabbing". Plaintiff was advised by the sergeant to take a seat at which point thereafter Plaintiff was arrested again without probable cause.
18. Plaintiff was profiled by arresting FIUPD officer in October, 2016 and charged with Assault with a deadly weapon, Charge 1.

2

17. Alfredo Torres wrongly accused Plaintiff by stating "Aren't you suspended? You're not allowed to be on campus. You were involved in a stabbing". Plaintiff was advised by the sergeant to take a seat at which point thereafter Plaintiff was arrested again without probable cause.

18. Plaintiff was profiled by arresting FIUPD officer in October, 2016 and charged with Assault with a deadly weapon, Charge 1.

19. Plaintiff and roommate called police to report Donnavin Bulgin in Plaintiff's dorm room that led into a physical altercation in the fall of 2016.

20. Plaintiff walked over to University Apartments office to report incident and saw Donnavin Bulgin in the lobby.

21. Plaintiff waited for police to arrive and was detained without being asked any questions.

22. Plaintiff was suspended thereafter for year by Florida International University.

23. Donnavin Bulgin, the alleged victim, attacked another student and ran from Florida International University Police on campus after Plaintiff was arrested and suspended.

24. Plaintiff was working full time at an engineering firm, WSP USA, and was set to graduate in the fall of 2016.

25. Donnavin Bulgin was not living on campus in the fall semester of 2016.

26. Plaintiff has had all charges dropped against him.

## COUNT I
### *False Arrest*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

28. Defendant violated 42 U.S. Code 1983 – Civil action for deprivation of right which states " Every person who under color of any statue, ordinance, regulation, custom, or usage, of any state or territory causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

29. The Defendant acted willfully under the color of law

30. The Defendant intended to confine the plaintiff without the plaintiff's consent and without authority of law.

31. The Defendant's act caused the Plaintiff's confinement in the arrest Charge of 2 & 3.

32. The Plaintiff was aware of his/her own confinement.

33. The Plaintiff was acting under the direct orders of the FIU Police Department with how to proceed in coming to the campus by first entering the FIUPD Front lobby.

34. The Plaintiff entered the FIUPD front lobby to lift the trespass warning as instructed by FIUPD on January 3rd, 2019 and was approached by a police officer after his tone of voice was slightly elevated when speaking with the front receptionist and was approached by an officer and within seconds was arrested for Resisting Arrest Without Violence, Charge 2.

35. The Plaintiff entered the FIUPD front lobby again on March 8th, 2019 following the same protocol in an attempt to retrieve his property and was instructed by the FIUPD Sergeant to sit down then after approximately 15 mins was arrested for Disorderly Conduct and Trespass After Warning, Charge 3.

36. The Defendant did not have probable cause to detain and arrest the Plaintiff in Charge 2, the arrest of Resisting Without Violence, and Charge 3, Disorderly Conduct and Trespass After Warning.

4

37. Moreover, as a further result of the Defendant unlawful false arrest conduct, the Plaintiff has been compelled to file this action.

38. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated 42 U.S. Code § 1983 and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Fourteenth Amendment;

B. Award PLAINTIFF compensatory for emotional distress, embarrassment and humiliation;

C. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, and opportunity.

D. Award any other compensation allowed by law including punitive damages (448.104);

E. Grant PLAINTIFF'S $7,700 for each hour Plaintiff was in custody for each arrest in 2019;

F. Grant PLAINTIFF a trial by jury; and

G. Grant such other and further relief as the Court deems just and proper.

H. Grant Plaintiff $52,560 for violating state rights per each arrest.

## COUNT II
### False Imprisonment

39. Plaintiff re-adopts each and every factual allegation as stated in 1 through 26 of this complaint as if set out in full herein.

40. Defendant violated 42 U.S. Code 1983 – Civil action for deprivation of right which states " Every person who under color of any statue, ordinance, regulation, custom, or usage, of any state or territory causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

41. The Defendant acted willfully under the color of law

42. The detention was without consent by the Defendants; and

43. The detention was unlawful.

44. Plaintiff was falsely imprisoned in 2019 for all arrest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated 42 U.S. Code § 1983 in addition, order the following additional relief:

I. Declare that the acts complained of herein are in violation of the Fourteenth Amendment;
J. Award PLAINTIFF compensatory for emotional distress, embarrassment and humiliation; for lost benefits, opportunity and career lost.
K. Award any other compensation allowed by law including punitive damages (448.104);
L. Grant PLAINTIFF'S $7,700 for each hour Plaintiff was in custody for each arrest in 2019;
M. Grant PLAINTIFF a trial by jury; and
N. Grant such other and further relief as the Court deems just and proper.
O. Award any other compensation allowed by law including punitive damages
P. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;
Q. Grant PLAINTIFF a trial by jury; and

R. Grant such other and further relief as the Court deems just and proper.

## COUNT III
## Malicious Prosecution

45. Plaintiff re-adopts each and every factual allegation as stated in 1 through 26 of this complaint as if set out in full herein.

46. Plaintiff was targeted by officers because of incidents that have occurred in 2016.

47. The actions unlawfully committed by the Defendant in 2019 was the continuation of an original criminal judicial proceeding from 2016.

48. This is a legal causation by the present Defendant against the Plaintiff who was the Defendant in the original proceeding.

49. The bona fide termination of all charges were dropped in favor of the Plaintiff.

50. There was an absence of probable cause for such proceedings against the Plaintiff.

51. The Police officers had malice towards the Plaintiff that originated from the original arrest of 2016.

52. The Plaintiff has suffered extreme trauma from the ordeal as well as a permanent tarnished reputation in his respective field of civil engineering.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated 42 U.S. Code § 1983, and in addition, order the following additional relief:

S. Declare that the acts complained of herein are in violation of the Fourteenth Amendment;

T. Award PLAINTIFF compensatory for emotional distress, embarrassment and humiliation;

U. Grant $200,000 to the Plaintiff.

V. Award any other compensation allowed by law including punitive damages (448.104);

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 2-25-2020

Respectfully submitted,

*/s/ Joe Nathan Pyatt Jr*

Joe Nathan Pyatt Jr
820 85th st apt 4 Miami Beach,
Fl 33141
Joe.nathan.pyattjr@gmail.com
Telephone: (786) 864-6971